Electronically Submitted
12/4/2022 10:17 PM
Gregg County District Clerk
By: Janet Craver ,deputy

CAUSE NO. 2022-1929-CCL2

| | | |
|---|---|---|
| **DEANNA KAE BECKETT,** | § | ~~IN THE DISTRICT COURT~~ |
| | § | |
| **Plaintiff,** | § | IN THE COUNTY COURT AT LAW NO. 2 |
| v. | § | GREGG COUNTY, TEXAS |
| **TRICAM INDUSTRIES, INC.,** | § | |
| | § | |
| **Defendant.** | § | _____ ~~JUDICIAL DISTRICT~~ |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Deanna Kae Beckett, Plaintiff in the above numbered and entitled matter and files Plaintiff's Original Petition complaining of Defendant Tricam Industries, Inc. As further proof thereof, Plaintiff would show unto the Court the following:

### I.

### DISCOVERY LEVEL

Plaintiff intends to conduct discovery under Level II because this suit involves monetary relief over $1,000,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

### II.

### IDENTITY OF PARTIES

Plaintiff is individual resident of Gregg County, Texas.

Defendant Tricam Industries, Inc. is a Minnesota Corporation who manufactures, imports, and ultimately sells a wide variety of one, two, and three step stools in several designs and finishes with unique and differentiated features, and does so placing the products in different markets using large retailers throughout the United States, including the Home Depot. Said Defendant was also served

1

with process on, through its registered agent for service, Registered Agent Solutions, 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

## III.
## JURISDICTION AND VENUE

Jurisdiction and venue are proper within this Court as all or a substantial portion of the events at issue occurred within Gregg County, Texas and Plaintiff is seeking a recovery within the jurisdiction limits of this Court. Plaintiff is seeking monetary relief over $1,000,000.00 excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

Venue is proper in Gregg County, Texas, pursuant to section 15.0002(a)(1) of the Texas Civil Practice and Remedies Code because all of the events or omissions giving rise to the claim occurred in Gregg County, Texas.

## IV.
## FACTUAL BACKGROUND

On or about January 21, 2021, Plaintiff was using a step-stool manufactured by Defendant and fell, causing a serious injury to her left arm which required surgery. The step-stool that Plaintiff was using when she fell was known as a Gorilla Ladders 3-Step Lightweight Steel Step Stool Ladder (hereinafter "The Step Stool").

The Step Stool was distributed by Defendant in Texas through Home Depot. The Step Stool sold to Plaintiff was purchased at a Home Depot store near her home, in Longview, Texas. The Step Stool was purchased by Plaintiff on January 15, 2021.

On January 21, 2021, Plaintiff was using The Step Stool in the interior of her home when the leg of the product failed and malfunctioned suddenly bent inward, which caused Plaintiff to fall to the ground. The location where The Step Stool bent inward was at the location on the leg where there a rivet. It was foreseeable that a defective Step Stool could easily cause injury and harm to

2

Copy from re:SearchTX

consumers that purchased and used the same.

The Step Stool was not supposed to bend inward like it did on January 21, 2021. As a result of this defect with The Step Stool, Plaintiff suffered substantial injury to her right arm.

The broken Step Stool manufactured by Defendant is the sole cause of Plaintiff's injuries, which included her right arm.

## V.

### NEGLIGENCE, NEGLIGENCE PER SE, & GROSS NEGLIGENCE

At all times material to this action, Defendant was in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying ladders for use in Texas and throughout the United States.

The subject ladder or Step Stool was defectively designed because it was unable to withstand ordinary and foreseeable loads exerted during use by someone within the ladder's recommended weight limit. The Step Stool and its components were unreasonably dangerous and defective because they were prone to catastrophically fail during ordinary use.

There were alternative designs available that were both technologically and economically feasible and which would have greatly reduced the likelihood of the subject occurrence and Plaintiff's resulting injury.

The design defects existing in the subject ladder were a producing cause of Plaintiff's injuries and Plaintiff's damages alleged herein.

### VI. STRICT LIABILITY-MANUFACTURING DEFECT

Plaintiff adopts and re-alleges each paragraph set forth above.

At all times material to this action, Defendant was in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying ladders and step stools for use in Texas and

3

Copy from re:SearchTX

throughout the United States.

The Step Stool was defectively manufactured because it deviated from its intended design or output. Specifically, the subject ladder and its components were not able to withstand ordinary use by someone who was within the recommended weight limit of the subject ladder. The manufacturing defects existing in the subject ladder rendered it unreasonably dangerous and defective.

There were alternative designs available for the Step Stool that were both technologically and economically feasible and which would have greatly reduced the likelihood of the subject occurrence and Plaintiff's resulting injury.

The manufacturing defects existing in the Step Stool were the producing cause of Plaintiff's serious injuries and Plaintiff's damages alleged herein.

## VII. NEGLIGENCE

Plaintiff(s) would show that Defendant owed Plaintiff(s) a duty to:

Exercise reasonable care in the design, manufacture, assembly, testing, distribution, and marketing of The Step Stool;

Defendant owed a duty to Plaintiff to exercise reasonable care in the design, manufacture, assembly, testing, distribution, and marketing of The Step Stool.

Defendant breached its duty by failing to act as an ordinary and prudent manufacturer of ladders to exercise sufficient quality control and ensure an adequate design of the Step Stool so that it could perform its ordinary and intended functions.

The foregoing negligent acts and omissions were a proximate cause of Plaintiff's injuries and Plaintiff's damages.

Defendant, aware of the risks involved in operating a motor vehicle, breached these duties with conscious indifference to the rights, safety and welfare of Plaintiff(s) and other pedestrians and motorists

Copy from re:SearchTX

alike. Defendant's acts, when viewed objectively from his/her standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. As such, Defendant(s) are directly liable for his/her breach(es) that proximately caused Plaintiff(s) to suffer physical, emotional, and economic injury.

## VI.

## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any Defendant in response to written discovery authenticates the document(s) for use against that party in any proceeding before the Court.

## VII.

## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VIII.

## JURY DEMAND

Plaintiff demands a trial by jury.

## IX.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: brett@gibsonhillpc.com. This is the only e-service email address, and service through any other email address will be considered invalid.

Copy from re:SearchTX

## X.

## DAMAGES

Plaintiff Deanna Kae Beckett herein pray for recovery of the following elements of damage:

1. Reasonable and necessary medical and pharmacy expenses incurred in the past and that in all reasonable probability will be incurred in the future;

2. Physical pain and mental anguish which has occurred in the past and that in all reasonable probability will continue into the future;

3. Physical impairment which has occurred in the past and that in all reasonable probability will continue into the future;

4. Personal property damages;

5. Loss of earnings in the past and loss of earning capacity which will, in all probability, be incurred in the future;

6. Exemplary damages;

7. Disfigurement;

8. Costs of court; and

9. Pre-judgment and post-judgment interest at the maximum allowable rate.

## XI.

## EXEMPLARY DAMAGES

For such gross negligence on behalf of Defendant, Plaintiff sues for exemplary damages in an amount to be determined at trial.

Copy from re:SearchTX

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Deanna Kae Beckett respectfully prays that Defendant Tricam Industries, Inc. be cited to appear and that Plaintiff receive all relief to which they may be entitled, whether at law or in equity.

Respectfully Submitted,

**GIBSON HILL, P.C.**

By: */s/ Brett M. Hill*
**Brett Michael Hill**
Texas State Bar No. 24072776
brett@gibsonhillpc.com (e-service)
636 Hawthorne St.
Houston, Texas 77006
Telephone:   (713) 659-4000
Facsimile:    (713) 659-4001
**ATTORNEYS FOR PLAINTIFF**

7

Copy from re:SearchTX